# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 09 CR 308-2 |
| | ) | |
| YESI IVAN HERNANDEZ SANDOVAL | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on the Government's motions in limine. For the reasons stated below, the court grants the motions.

## DISCUSSION

### I. Recorded Conversations

The Government seeks to introduce recorded conversations between Defendant Yesi Ivan Hernandez Sandoval, also known as Adrian Payan (Sandoval), and his co-Defendant Richard Quinonez (Quinonez). Sandoval has not objected to the motion. The Government has shown that Special Agents from the Drug Enforcement Administration will be able to authenticate the recorded conversations during their testimony. Thus, the recorded conversations are admissible.

In addition, if Quinonez is not called to testify, Quinonez's recorded statements will not be hearsay since they will not be admitted for the truth of the matters asserted therein, but instead will merely be admitted for context to make

Sandoval's statements understandable as admissions. *See United States. v. Foster*, 701 F.3d 1142, 1150 (7th Cir. 2012)(stating that "[t]he admission of recorded conversations between informants and defendants is permissible where an informant's statements provide context for the defendant's own admissions"); *see also United States v. Walker*, 673 F.3d 649, 657-58 (7th Cir. 2012)(indicating that an informant's out-of-court statements "are admissible as nonhearsay when offered to make a defendant's recorded statements intelligible for the jury (that is, for context), . . . or when brief and essential to 'bridge gaps in the trial testimony' that might significantly confuse or mislead jurors")(citations omitted). Therefore, the admission of recorded conversations between Quinonez and Sandoval does not confer a right to cross-examine or impeach Quinonez. *See Walker*, 673 F.3d at 658 (distinguishing between statements that are admissible non-hearsay and statements that "constitute[] testimonial hearsay" when determining whether a defendant's Six Amendment right of confrontation has been violated). Based on the above, the Government's motion to admit the recorded conversations between Quinonez and Sandoval is meritorious, and the Government's motion is therefore granted.

II. Testimony by Quinonez

The Government seeks to bar Sandoval from calling Quinonez to testify for the sole purpose of impeaching Sandoval or for any other improper purpose. Sandoval has not objected to the motion. The Government's motion is meritorious, and therefore the Government's motion is granted. If the Government does not call Quinonez to testify, but Sandoval desires to call Quinonez as a witness in this case,

Sandoval will be required to make a pre-trial showing that the testimony Sandoval seeks to elicit from Quinonez is relevant and admissible. The court will not conduct a preliminary *voir dire* of Quinonez, as requested by the Government. Instead, the Government may object at trial to any questions or testimony that the Government believes is improper, and the court will make appropriate rulings on such objections on a case-by-case basis during the trial.

III. Use of False Identity

The Government seeks to introduce evidence that Sandoval used a false identity when he was arrested to show Sandoval's consciousness of guilt. Sandoval has not objected to the motion. The Government's motion is meritorious, and therefore the Government's motion is granted.

IV. Evidence, Argument or Reference to Punishment

The Government seeks to bar evidence, argument, or reference relating to the penalties faced by Sandoval if convicted. Sandoval has not objected to the motion. The Government's motion is meritorious, and therefore the Government's motion is granted.

V. Discovery Requests or Commentary

The Government seeks to bar Sandoval from requesting discovery from witnesses or opposing counsel, moving the court for such discovery, or otherwise commenting on discovery matters in the presence of the jury. Sandoval has not

objected to the motion. The Government's motion is meritorious, and therefore, the Government's motion is granted.

## CONCLUSION

Based on the foregoing analysis, the court grants the Government's motions in limine.

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　Samuel Der-Yeghiayan
　　　　　　　　　　　　　　　　United States District Court Judge

Dated: April 9, 2013